E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-03326-S1**
**6/5/2020 9:34 AM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**KENDRIC SHIWAN GLAZE**

CIVIL ACTION
NUMBER:_____ **20-C-03326-S1**

PLAINTIFF

VS.

**WILLIAM RUSSELL HOLLOWAY**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael D. Hoffer, Esq.
3190 Northeast Expressway
Suite 430
Chamblee, Georgia 30341

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**5TH**_____ day of _____**JUNE**_____, 20__**20**__.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
20-C-03326-S1
6/5/2020 9:34 AM
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**KENDRIC SHIWAN GLAZE**

CIVIL ACTION
NUMBER:_____**20-C-03326-S1**_____

PLAINTIFF

VS.

**CARROLL FULMER LOGISTICS CORPORATION**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael D. Hoffer, Esq.
3190 Northeast Expressway
Suite 430
Chamblee, Georgia 30341

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**5TH**_____ day of _____**JUNE**_____, 20_**20**_.

Richard T. Alexander, Jr.,
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
20-C-03326-S1
6/5/2020 9:34 AM

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

CLERK OF STATE COURT

**KENDRIC SHIWAN GLAZE**

_____

_____

PLAINTIFF

VS.

**PROTECTIVE INSURANCE COMPANY**

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER:_____ **20-C-03326-S1** _____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael D. Hoffer, Esq.
3190 Northeast Expressway
Suite 430
Chamblee, Georgia 30341

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____**5TH**____ day of _____**JUNE**_____ , 20__**20**__ .

Richard T. Alexander, Jr.,
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

20-C-03326-S1
6/5/2020 9:34 AM

CLERK OF STATE COURT

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____  **MM-DD-YYYY** | **Case Number** ___20-C-03326-S1___ |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____    **Bar Number** _____    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                 **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-03326-S1**
**6/5/2020 9:34 AM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

KENDRIC SHIWAN GLAZE

Plaintiff,

v.

CARROLL FULMER LOGISTICS
CORPORATION, WILLIAM RUSSELL
HOLLOWAY, and PROTECTIVE
INSURANCE COMPANY,

Defendants.

Civil Action File No.  **20-C-03326-S1**

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

COMES NOW, Plaintiff in the above-styled action, and serve these First Continuing Interrogatories upon Defendants, pursuant to Section 33 of the Georgia Civil Practice Act (O.C.G.A. § 9-11-33).  Each Interrogatory shall be answered fully, completely, and in specific detail in writing and under oath.  The Answers are to be signed by the person making them and the objections signed by the attorney making them.  The party upon whom the Interrogatories have been served shall serve a copy of the Answers and objections, if any, within thirty (30) days after service of these Interrogatories, or forty-five (45) days after service of the Summons and Complaint, whichever is greater.  Failure to timely respond to these Interrogatories may subject the Defendant to sanctions pursuant to O.C.G.A. § 9-11-37.

If the Defendant is unable to answer a question in its entirety, the question should be answered to the fullest extent possible.  You are requested not to respond to any Interrogatory by referring to the responses to other Interrogatories or by adoption since each and every Interrogatory

is subject to being introduced into evidence, and therefore, should be, for this purpose, complete in itself.

These Interrogatories are and shall be deemed to be continuing in nature so as to require supplemental answers and responses if you or your attorney obtains further information between the time your response is served and the time of trial.  Any such supplemental response should be filed and served upon counsel for Plaintiff within fifteen (15) days from receipt of such additional information, but in any event, no later than at the time of the trial, in accordance with O.C.G.A. § 9-11-26(e).  You are requested to amend any prior response if you subsequently learn that your original response was incorrect, or if you learn that although correctly made, your original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

<u>DEFINITIONS</u>

The following definitions are applicable to each of the following Interrogatories unless negated by context:

A.     The terms "DEFENDANT", "YOU", and "YOUR" are intended to and shall include the Defendant which has been served with these Interrogatories and also counsel for said party, as well as any and all agents, servants, employees, associates, representatives, investigators, or other persons acting on behalf of said Defendant, as well as any insurer or bonding company which may become obligated to indemnify the Defendant on account of liability of Defendant to Plaintiff determined in this matter.

B.     The term "PERSON" shall include any natural human being, association, firm, partnership, corporation, estate, or other legal entity.

C.     The term "DOCUMENT" is used in its broad and liberal sense and shall include any handwritten, typed, computer generated, printed, recorded, or graphic matter, however produced or reproduced, of any kind and description, regardless of origin or location, and whether an original, master, duplicate, or copy, including, but by no means limited to, all papers, notes, books, periodicals, advertisements, logs, catalogs, drafts, applications, manuals, publications, photographs, correspondence, facsimile transmissions, e-mails, cablegrams, mailgrams, telegrams, memoranda, letters, documents, communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, interoffice or intra office communication, charts, plans specifications, graphs, drawings, sketches, photographs, agreements, records, permits, surveys, data sheets, computer printouts, data processing cards, cassette tapes, videotapes, DVD's, diskettes, transcriptions of sound video recordings, audio and/or video recordings of any type, x-ray films or other medical films or tests, sketches, transparencies, illustrative medical charts, diagrams, articles, and every other written, typed, recorded, transcribed, filed or graphic matter, or other physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated.

D.     The term "COMMUNICATION" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, telephonic or electronic recording, etc.

E.     The term "DATE" shall mean the exact day, month, and year, if ascertainable; otherwise, the term "DATE" shall mean the best available approximation (including relationships to other events).

F.     The terms "OCCURRENCE", "INCIDENT", and "COLLISION" refer to the instant incident which forms the basis of, and which is the subject matter of, Plaintiff's Complaint.

G.     Whenever in these Interrogatories you are requested to identify any PERSON, as defined above, you should provide the following information:

(1)     full and correct legal name;

(2)     most recent complete address and telephone number(s); and

(3)     most recent place of employment, complete employment address, and employment telephone number(s).

H.     Whenever in these Interrogatories you are requested to identify any DOCUMENT, as defined above, you should provide the following information:

(1)     The title or other means of identification of each such document;

(2)     The date that each document was prepared;

(3)     The name, address, and telephone number of the person(s) who prepared the document;

(4)     The name, address and telephone number of person(s) currently in possession, custody or control of each document; and

(5)     A description of the contents and subject matter of the document

## **INTERROGATORIES**

1.

Please state your full name, current residence address, date and place of birth, social security number, driver's license number and state(s) of issue.

2.

If you are married, please state your spouse's full name, the length of your marriage, whether you have previously been married, and whether you have any children. In the event you have previously been married, please state the full name of your former spouse(s) and the reason

for the termination of each previous marriage. If you have any children, please state their full name(s) and age(s).

3.

In the event you ever have been charged with a criminal offense, please state the nature of each offense, the date charged, the disposition of the charge, the date of disposition and the court or courts in which the disposition of such charge or charges took place.

4.

Identify, as to William Holloway, all motor vehicle accidents and moving violations that he has been involved in within the past ten (10) years, including the date and location of such incident, the facts and circumstances of each, whether or not as a result of such incident you were charged with a traffic violation, and, if so, the ultimate disposition of said charge(s).

5.

Identify, as to William Holloway, and any/all internal disciplinary proceedings, citations, "write ups," or offenses of any sort during his employment with CARROLL FULMER.

6.

Identify the type of driver's license that Holloway possessed on the date of the subject incident, the date on which Holloway acquired this license, and whether Holloway ever has had his driver's license suspended or revoked.

7.

If Holloway ever was a plaintiff or a defendant in a motor vehicle lawsuit of any kind prior to or subsequent to this litigation, please state the following:

(a)     The names and status of all parties thereof;

(b)     The name and address of the court where such action was filed;

(c)     The year the action was filed;

(d)     The subject of the allegations made by or against you and the outcome of said lawsuit.

8.

If you have ever filed a petition in bankruptcy of any kind prior to or subsequent to this litigation, please state the following:

(a)     The style of the case;

(b)     The name and address of the court where such petition was filed;

(c)     The date the petition was filed;

(d)     The current status of the bankruptcy proceeding, including any date of discharge.

9.

Please state in detail your activities during the twenty-four (24) hour period immediately preceding the incident complained of in this action.

10.

Please state whether you consumed any alcohol, or any prescription or nonprescription medications or drugs during the twenty-four (24) hour period immediately preceding the incident complained of in this action.

11.

Please diagram by drawing or words the exact location of the occurrence of the incident complained of in this action.

12.

Please describe in detail each and every action, if any, you took to avoid the occurrence of the incident complained of in this action.

13.

Are you denying liability for the subject occurrence? If you contend that you are not liable for the subject occurrence, identify all facts and evidence upon which you base that contention.

14.

If you contend that the Plaintiff was contributorily negligent or committed any act or omission which you contend caused, contributed to or brought about the incident underlying this lawsuit, please state the facts upon which such allegation is based, the names and addresses of all individuals who support your contention, and the legal basis, if any, upon which said contention is based.

15.

Was Holloway operating a vehicle owned by CARROLL FULMER at the time of this incident?  If your answer is no, identify the owner of the transit bus.

16.

Was Holloway acting within the course and scope of his employment with CARROLL FULMER at the time of the subject incident? If your answer is no, identify all facts and evidence supporting this contention.

17.

With reference to the operation of the vehicle described in the previous interrogatory, state where and when your trip began, where you were driving at the time of the incident (your destination), when you were due to arrive at your intended destination, and the names and addresses of all passengers in your vehicle at the time of the subject incident.

18.

Please state in detail how you contend the incident complained of in this action happened, giving all facts concerning the details of the events before and/or after the subject incident which had any bearing on the cause and manner of the happening of the collision, including, but not limited to, the conditions of the road and weather, the speed of the vehicles involved and the posted speed limit at the location of the incident.

19.

As to the vehicle which you were operating at the time of the subject incident, do you contend that any mechanical problem or malfunction contributed however slightly to the collision? If so, state with particularity the nature of the alleged mechanical problem or malfunction, how same contributed to the collision, the length of time you were aware of the alleged defect or malfunction, and the name and address of every individual with knowledge of the alleged defect or malfunction.

20.

If you contend that any other person or entity is or may be liable, in whole or in part, to the Plaintiff for injuries sustained in the subject collision, please state the reason and facts which support this contention, and the identity of said person or entity.

21.

Identify the substance of any and all statements made by the Plaintiff to any other individual with regard to the subject incident, including the identity of the person or persons to whom such statements were made and their relationship to you.

22.

Did you receive any citation related to the subject motor vehicle incident underlying this lawsuit from any law enforcement agency or officer? If so, state the type of charge, whether you attended any type of traffic court hearing, the plea(s) entered in relation to said charge(s), the court's finding with regard to same, the name and type of court attended, the names of all witnesses present during the hearing with regard to the subject incident, whether the court hearing was recorded in, any manner, and whether you were represented by legal counsel during the hearing.

23.

Please state in detail all injuries or complaints of injury, if any, you received as a result of the subject incident underlying this lawsuit, the names of all treating health care practitioners you consulted or treated with in regard to same, and the length of time, if any, you missed from work as a result.

24.

State whether you suffered from any type of physical, medical condition or impairment of your body or eyes at the time or the subject incident complained of in this action, the names of any treating health care practitioner(s) you treat with for said condition(s), and whether, to your knowledge, said condition(s) contributed in any manner to the incident complained of in this lawsuit.

25.

Please state the location and degree of any damage resulting to your vehicle as a result of the subject incident, the cost or estimated cost of repair for said damages, whether any photographs were taken of said damages, and the name and address of the location where said damages were repaired or which prepared an estimate(s) for said repair.

26.

State whether or not any type of surveillance, video surveillance or photographs has been conducted of or concerning the Plaintiff in this matter by any entity, insurance company, or any agent thereof; and if so, identify the custodian of such evidence and the substance of what such evidence shows.

27.

Do you contend that any of the injuries or damages complained of by the Plaintiff in this action were sustained in a prior or subsequent incident or were preexisting in whole or in part? If so, please state the facts upon which you base said contention and the injury with regard to which such contention is directed.

28.

State the name, address and employer of any person, including any party who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense(s) to Plaintiff' allegations of negligence, causation and damages is/arc based; and

(c)     As to any such person identified in your response to sub-paragraphs (a) and (b) please state your relationship to any such person, if any.

29.

Please describe each and every statement or report which to your knowledge, information or belief has been made by any person named in answer to the preceding interrogatory, giving as to each the date, the subject matter, the parties present when made and the form (whether oral, written, recorded, etc.).

30.

If there are any photographs, drawings or other graphic representations of the scene of the incident complained of in this action, any instnm1entality alleged to have caused the alleged damages, please fully describe each such photograph, drawing or graphic representation, giving as to each the elate and by whom it was made, the subject matter represented and the form (whether photographic print, transparency, diagram, plat, etc.).

31.

State the name, address and telephone number of each and every expert whom you expect to call as a witness at the trial of the case and with regard to such witness state the following:

(a)     The subject matter and substance of the facts and opinions upon which the expert is expected to testify;

(b)     A summary of the grounds for each opinion.

32.

State the name, address and telephone number of each and every expert whom you or your attorney have employed as an expert in the case and whom you do not expect to call as a witness and state with regard to each expert the facts and opinions held by such expert.

33.

Please state whether or not there was any liability insurance or self-insurance in force on the date of the subject incident which provides or may provide coverage for the incident complained of in this action and for each such insurance state:

(a)     The named insured in said policy;

(b)     The policy number;

(c)     The name of the insurer;

(d)     The policy period covering the subject incident;

(e)     Whether there has been any issuance of a reservations of rights letter to the insured or whether coverage has been denied or threatened denial; and

(f)     The limits of coverage for personal injury under each and every applicable policy of insurance.

34.

Was ANY VEHICLE involved in the subject collision equipped with any type or form of "black box" data recording device, microprocessor, "sensing and diagnostic module," or other type of device which was capable of recording vehicle events up to and including the subject collision such as vehicle speeds, acceleration/deceleration velocity measurements (i.e., Delta-V measurements), seatbelt, airbag, engine RPM, throttle position, and/or braking data? If so, identify whether such recordation device was triggered, the triggering event, the type and location of such device in the subject vehicle, and whether or not such data was downloaded, interpreted and/or otherwise preserved?

35.

If you intend to accept or you assert any Fee Shifting Claim under any law including, but not limited to, O.C.G.A. § 9-11-68 (Offer of Judgment or Settlement; Frivolous Claim), O.C.G.A. § 9-15-14 (Frivolous Claims and Defenses); O.C.G.A. § 51-7-80 through 85 (Abusive Litigation); or O.C.G.A. § 13-6-11 (Stubbornly Litigious, Unnecessary Trouble, if you assert a cross-claim or counter claim) (hereinafter collectively referred to as "Fee Shifting Claim(s)"), then answer tile following questions:

(a)     What is the date that each Fee Shifting Claim accrued?

(b)     What is the date that you gave notice to Plaintiff(s) of each Fee Shifting Claim?

(c)     Identify any and all documents concerning attorney's fees, attorney's billings, litigation costs, and any of the damages supporting each of your Fee Shifting Claim. For each such document, state the following information:

   1.     Names, addresses, phone numbers, and description of persons who performed any charged activity.

   2.     Description of each such charged activity.

   3.     Hourly rates for each person and time for each charged activity.

   4.     Location of such document or copies of such documents.

(d)     Identify all persons you expect to call as expert witnesses at any hearing or trial on any Fee Shirting Claim. For each such person, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion. Identify all documents submitted to any expert and any reports or other documents generated by such experts.

(e)     Did Defendant(s) receive any discount for attorney's fees or costs charged by Defendant's attorneys in this case?

(f)     Is there any written attorney's fees contract with Defendant's attorneys?

(g)     State the factual and legal basis for each Fee Shifting Claim.

36.

If you have filed or intend to file a motion to dismiss raising defenses set forth in O.C.G.A. § 9-11-12(b), or if you contend that any other person(s) should be joined as parties, please:

(a)     Specify with complete particularity the legal grounds for any such motion to dismiss;

(b)     State all facts, and identify all witnesses, documents, things and electronically stored information, which may provide or constitute evidence in support such motion to dismiss; and

(c)     Identify all persons who may be joined as parties, limited discovery needed to respond to such defenses or identify such persons shall be permitted until the court rules on such motion.

37.

As to each person identified in response to this interrogatory, please state the full name, residence and work addresses, all telephone numbers, employer and job title.

38.

As to each documents, things and electronically stored information identified in response to this interrogatory, please describe each item with sufficient specificity to identify each item for a motion to compel discovery, state its current location, and identify its current custodian.

39.

Do the Defendants have in their possession or under its control any medical reports, communications, or written material relating to the Plaintiff's medical condition prior to the incident underlying the Complaint in this matter?  If so, identify the nature of each record, communication and written information, its author or writer, and the elate thereof. This request shall include all materials received or obtained from any nonparty or other entity and shall serve as a continuing request throughout the litigation of this matter.

40.

Do the Defendants have in their possession or under its control any medical reports, communications or written material relating to the Plaintiff's medical condition on the date of or

subsequent to the incident underlying the Complaint in this matter? If so, identify the nature of

each record, communication and written information, its author or writer and the date thereof. This

request shall include all materials received or obtained from any nonparty or other entity and shall

serve as a continuing request throughout the litigation of this matter.


       This 4th day of June, 2020.

                         HOFFER & WEBB, LLC

                         _____

3190 Northeast Expressway, Suite 430     MICHAEL D. HOFFER
Chamblee, Georgia 30341                 Georgia Bar No. 359493
404-260-6330 Main                      *Counsel for Plaintiff*
404-260-6191 Direct / Fax
mhoffer@hofferwebb.com

E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
20-C-03326-S1
6/5/2020 9:34 AM

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

CLERK OF STATE COURT

KENDRIC SHIWAN GLAZE,

      Plaintiff,

v.

CARROLL FULMER LOGISTICS
CORPORATION, WILLIAM RUSSELL
HOLLOWAY, and PROTECTIVE
INSURANCE COMPANY,

      Defendants.

Civil Action File No. **20-C-03326-S1**

---

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
### DEFENDANT PROTECTIVE INSURANCE COMPANY

---

COMES NOW, KENDRIC SHIWAN GLAZE, Plaintiff in the above-captioned lawsuit and pursuant to O.C.G.A. § 9-11-36 hereby propounds the following Requests for Admission to Defendant PROTECTIVE INSURANCE COMPANY ("PROTECTIVE") for response within forty-five days from the date of service.

### **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. "**Subject Collision**" or "**Subject Incident**" means the collision that is the subject of this lawsuit that occurred on May 10, 2019 at or near the intersection of North Oliver Street and College Avenue in Elberton, Elbert County, Georgia involving Defendant WILLIAM RUSSELL HOLLOWAY and Plaintiff KENDRIC SHIWAN GLAZE.

2. "**You**," "**Your**," or "**PROTECTIVE**" means Defendant PROTECTIVE INSURANCE COMPANY and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for it or on its behalf.

3. "**CARROLL FULMER**" means Defendant CARROLL FULMER LOGISTICS CORPORATION.

4. "**HOLLOWAY**" means Defendant WILLIAM RUSSELL HOLLOWAY.

5. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant WILLIAM RUSSELL HOLLOWAY at the time of the Subject Collision.

6. "**Plaintiff**" or "**GLAZE**" means Plaintiff KENDRIC SHIWAN GLAZE.

7. The "**Insurance Policy**" is the insurance policy issued by Protective Insurance Company to Carroll Fulmer that provides coverage for the Subject Collision.

## REQUESTS FOR ADMISSION

1.

Plaintiff was a member of the public at the time of the Subject Collision on May 10, 2019.

2.

PROTECTIVE provided a policy of indemnity/liability insurance to CARROLL FULMER that covered HOLLOWAY and the Tractor-Trailer involved in the Subject Collision.

3.

The insurance policy PROTECTIVE provided to CARROLL FULMER was in effect on May 10, 2019.

4.

The Subject Collision occurred within the policy period of the insurance policy issued by PROTECTIVE to CARROLL FULMER.

2

5.

PROTECTIVE is subject to suit by direct action in the above-referenced case pursuant to the provisions of O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112.

6.

All prerequisites and pre-conditions necessary for Plaintiff to maintain a direct action against PROTECTIVE pursuant to the provisions of O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112 have been met in this case and no additional proof is needed.

7.

PROTECTIVE is liable to pay Plaintiff for any judgment rendered in this civil action in their favor against CARROLL FULMER and/or HOLLOWAY up to and including the policy limits of the insurance policy issued by PROTECTIVE to CARROLL FULMER.

This 4th day of June, 2020.

HOFFER & WEBB, LLC

MICHAEL D. HOFFER
Georgia Bar No. 359493
*Counsel for Plaintiff*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Main
404-260-6191 Direct / Fax
mhoffer@hofferwebb.com

E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-03326-S1**
**6/5/2020 9:34 AM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

KENDRIC SHIWAN GLAZE

Plaintiff,

v.

CARROLL FULMER LOGISTICS
CORPORATION, WILLIAM RUSSELL
HOLLOWAY, and PROTECTIVE
INSURANCE COMPANY,

Defendants.

Civil Action File No.  **20-C-03326-S1**

## PLAINTIFF'S FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANTS

COME NOW, Plaintiff in the above-styled action, and serves this First Request for Production of Documents and Notice to Produce upon Defendants,  pursuant to Section 34 of the Georgia Civil Practice Act (O.C.G.A. § 9-11-34) and O.C.G.A. § 24-10-26.  You are requested to produce the following documents hereinafter set forth, and permit the Plaintiff or someone acting on Plaintiff's behalf to inspect and copy said documents, on the thirtieth (30th) day after service upon you of this Request for Production of Documents, or on the forty-fifth (45th) day after service of the Summons and Complaint, whichever is greater.

Failure to timely respond to this Request for the Production of Documents may subject the Defendant to sanctions pursuant to O.C.G.A. § 9-11-37.

This Request for Production of Documents shall be deemed as continuing so as to require supplemental responses and production if you or your attorney obtains further documents between

the time your response is served and the time of the trial.  Any such supplemental response should be filed and supplemental documents served upon counsel for Plaintiffs within fifteen (15) days from receipt of such additional documents or information, but in any event, no later than at the time of the trial, in accordance with O.C.G.A. § 9-11-26(e).

You are further notified to produce at the time of the taking of any deposition in the above-styled case, upon any hearing, upon any mediation, and upon the trial of the above-styled case the following documents and records, the same to be used as evidence by the Plaintiffs.

<u>DEFINITIONS</u>

The following definitions are applicable to each of the following Requests unless negated by context:

A.      The terms "DEFENDANT", "YOU", and "YOUR" are intended to and shall include the Defendant which has been served with these Requests, and also counsel for said party, as well as any and all agents, servants, employees, associates, representatives, investigators, or other persons acting on behalf of said Defendant, as well as any insurer or bonding company which may become obligated to indemnify the Defendant on account of liability of Defendant to Plaintiff determined in this matter.

B.      The term "PERSON" shall include any natural human being, association, firm, partnership, corporation, estate, or other legal entity.

C.      The term "DOCUMENT" is used in its broad and liberal sense and shall include any handwritten, typed, computer generated, printed, recorded, or graphic matter, however produced or reproduced, of any kind and description, regardless of origin or location, and whether an original, master, duplicate, or copy, including, but by no means limited to, all papers, notes, books, periodicals, advertisements, logs, catalogs, drafts, applications, manuals, publications,

photographs, correspondence, facsimile transmissions, e-mails, cablegrams, mailgrams, telegrams, memoranda, letters, documents, communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, interoffice or intra office communication, charts, plans specifications, graphs, drawings, sketches, photographs, agreements, records, permits, surveys, data sheets, computer printouts, data processing cards, cassette tapes, videotapes, DVD's, diskettes, transcriptions of sound video recordings, audio and/or video recordings of any type, x-ray films or other medical films or tests, sketches, transparencies, illustrative medical charts, diagrams, articles, and every other written, typed, recorded, transcribed, filed or graphic matter, or other physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated.

D.       The term "COMMUNICATION" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, telephonic or electronic recording, etc.

E.       The terms "OCCURRENCE", "INCIDENT", and "COLLISION" refer to the instant incident which forms the basis of, and which is the subject matter of, Plaintiff's Complaint.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Please produce the complete employee/personnel file of William Holloway, including a copy of the driver's license he had at the time of the subject incident, and driver qualification file.

2.

Please produce all documents that you referred to in responding to Plaintiff's First Interrogatories to Defendants.

3.

Copies of any and all documents, citations, dispositions, court transcripts which are in your possession that relate to Plaintiff's Interrogatory No. 18.

4.

Any and all medical bills, reports, or medical records which are in your possession or the possession of your insurance company that relate to Plaintiff's Interrogatory No. 19.

5.

Any and all estimates or billing statements or salvage value statements, showing the repair to, or cost of repair of, the vehicle you were operating at the time of the subject incident, all as more fully described in your response to Plaintiff's Interrogatory No. 21.

6.

Copies of any and all transcripts, photographs or video tapes referred to in your response to Plaintiff's Interrogatory No. 22.

7.

Copies of any and all statements, recordings or transcripts of same taken by you or your insurance company or their representatives as described more fully in your response to Plaintiff's Interrogatory No. 25.

8.

Any and all documents, photographs and the like identified in your response to Plaintiff's Interrogatory No. 26.

9.

Any and all reports, notes, correspondence and the like which you, your insurance company or their representative has sent or received from any individual identified more fully in your response to Plaintiff's Interrogatories Nos. 27 and/or 28.

10.

Copies of any and all documents, correspondence, declarations sheet(s) or policies identified in your response to Plaintiff's Interrogatory No. 29.

11.

If you intend to assert or you assert any Fee Shifting Claim under any law including, but not limited to, O.C.G.A. § 9-11-68 (Offer of Judgment or Settlement; Frivolous Claim), O.C.G.A. § 9-15-14 (Frivolous Claims and Defenses); O.C.G.A. § 51-7-80 through 85 (Abusive Litigation); and O.C.G.A. § 13-6-11 (Stubbornly Litigious, Unnecessary Trouble; if you assert a cross-claim or counter claim) (Hereinafter collectively referred to as "Fee Shifting Claim(s)"), then produce to Plaintiff(s) the following:

(a)     All documents concerning attorney's fees, attorney's billings, attorney's invoices, attorney's time sheets, litigation costs, deposition costs, copying costs, filing costs, and expert costs. Documents should include the following data:

1.     The name by which the file is referred;

2.     The description of each charged activity;

3.     The time charged for each charged activity;

4.     Total billings and payments on each billing; and

5.     Any attorneys, paralegals and/or other persons working on said file and the hourly rate of each such person at the time the activity was

performed.

6.      Any contracts with Defendant's lawyers or experts in this case.

7.      All documents submitted to any expert and reports or other documents generated by such experts.

8.      All documents concerning the factual and legal basis for each Fee Shifting Claim.

12.

If you have filed or intend to file a motion to dismiss raising defenses set forth in O.C.G.A. § 9-ll-12(b), or you contend that any other person(s) should be joined as parties, please produce without omissions:

(a)      Each document, things and item of electronically stored information, which may provide or constitute evidence in support such motion to dismiss; and

(b)      Each document, things and item of electronically stored information, which may provide or constitute evidence in support of adding any potential parties.

13.

Please produce any medical records, communications, or written material relating to Plaintiff's medical condition either prior to, during, and/or subsequent to the collision involved in this case that Defendants, or their agents and counsel, have in their possession or control. This request shall include any materials obtained from a nonparty or other entity and shall serve as a continuing request throughout the litigation of this matter.

14.

Please produce the file for the subject 2016 International truck, VIN# 3HSDJAPR3GN068097, involved in the subject incident, including maintenance, inspection, and repair records

15.

Please produce a copy William Holloway's driver's daily logs for the 30 days preceding the subject incident.

16.

Please produce the bill of lading for the job that William Holloway was performing at the time of the subject incident.

This 4th day of June, 2020.

HOFFER & WEBB, LLC

MICHAEL D. HOFFER
Georgia Bar No. 359493
*Counsel for Plaintiff*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Main
404-260-6191 Direct / Fax
mhoffer@hofferwebb.com

E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-03326-S1**
**6/5/2020 9:34 AM**

CLERK OF STATE COURT

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| KENDRIC SHIWAN GLAZE | |
|      Plaintiff, | |
| v. | Civil Action File No.  **20-C-03326-S1** |
| CAROLL FULMER LOGISTICS CORPORATION, WILLIAM RUSSELL HOLLOWAY, and PROTECTIVE INSURANCE COMPANY, | **JURY TRIAL DEMANDED** |
|     Defendants. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, KENDRIC SHIWAN GLAZE ("GLAZE"), Plaintiff in the above-captioned lawsuit and files this Complaint for Damages against CAROLL FULMER LOGISTICS CORPORATION ("CAROLL FULMER"), WILLIAM RUSSELL HOLLOWAY ("HOLLOWAY") and PROTECTIVE INSURANCE COMPANY ("PROTECTIVE"), and showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that took place on May 10, 2019 at or near the intersection of North Oliver Street and College Avenue in Elberton, Elbert County, Georgia.

**PARTIES, JURISDICTION, and VENUE**

2.

KENDRIC GLAZE is a citizen and resident of Elbert County, Georgia.

3.

Defendant CAROLL FULMER is a foreign corporation existing under the laws of the State of Nevada with its principal place of business being Florida.  CAROLL FULMER can be served with process through its agent, Philip Fulmer, who is located at 8340 American Way, Groveland, Lake County, Florida 34736.  Once served with process, Defendant CAROLL FULMER will be subject to the jurisdiction and venue of this Court.

4.

At all times material hereto, Defendant CAROLL FULMER was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia.

5.

At all times material to this action, Defendant CAROLL FULMER was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

6.

At all times material hereto, Defendant CAROLL FULMER was and is a motor carrier authorized to operate in the State of Georgia for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

7.

Defendant HOLLOWAY is an individual who is a citizen of Florida and resides at 11710 Tucker Road, Riverview, FL 33569.  Mr. HOLLOWAY can be served with process at that address.  Once served with process, Defendant HOLLOWAY will be subject to the jurisdiction and venue of this Court.

8.

Defendant PROTECTIVE is a foreign insurance corporation with its State of incorporation and principal place of business being Indiana.  Defendant PROTECTIVE can be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.   Once served with process, Defendant PROTECTIVE will be subject to the jurisdiction and venue of this Court.

9.

PROTECTIVE transacts business in the state of Georgia.

10.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

11.

Defendants are subject to the jurisdiction and venue of this Court.

## **FACTS**

12.

The collision that is the subject of this complaint ("subject collision") and all of the facts set forth below all took place in the early afternoon on May 10, 2019 at or near the intersection of North Oliver Street and College Avenue in Elberton, Elbert County, Georgia.

13.

On May 10, 2019, Defendant HOLLOWAY was operating a tractor-trailer turning left from North Oliver Street onto Elbert Street in Elberton, Georgia.

14.

The tractor-trailer being operated by HOLLOWAY was a commercial motor vehicle.

3

15.

The tractor-trailer being operated by Defendant HOLLOWAY swung into an adjacent lane while making a turn and struck the vehicle driven by GLAZE.

16.

The tractor-trailer being operated by Defendant HOLLOWAY was owned by Defendant CAROLL FULMER.

17.

The tractor-trailer being operated by Defendant HOLLOWAY was under the control of Defendant CAROLL FULMER.

18.

After Defendant HOLLOWAY struck the vehicle driven by GLAZE, HOLLOWAY exited his vehicle, accused GLAZE of being at fault, and then left the scene of the collision.

19.

Once apprehended by law enforcement, HOLLOWAY then called GLAZE a "nigger," a highly charged, insulting, and outrageous racial epithet.  GLAZE heard this.

20.

In the moments before the collision, Defendant HOLLOWAY was not operating the tractor-trailer in a reasonable and prudent manner.

21.

Defendant HOLLOWAY is solely responsible for causing the subject collision.

22.

Defendant HOLLOWAY is the only person to contribute to causing the subject collision.

4

23.

No person other than Defendant HOLLOWAY contributed to causing the subject collision.

24.

No person other than Defendant HOLLOWAY caused the subject collision.

25.

There was nothing that KENDRIC GLAZE could have or should have done under the circumstances, to avoid or minimize the collision with HOLLOWAY.

26.

Officer Worley with the Elberton Police Department was called to the scene to investigate the subject collision.

27.

Officer Worley determined that Defendant HOLLOWAY's conduct in failing to maintain lane caused the collision.  Officer Worley also cited Defendant HOLLOWAY with leaving the scene of an accident and for disorderly conduct in using racially abusive language.

28.

Officer Worley determined that Defendant HOLLOWAY was solely responsible for causing the subject collision.

29.

Officer Worley determined that no other person contributed to the collision.

30.

Defendant HOLLOWAY was charged with violating O.C.G.A. §§ 40-6-48, 40-6-274,

and 28-4 [sic] as a result of the subject collision.

31.

KENDRIC GLAZE was seriously injured as a proximate result of the subject collision.

32.

KENDRIC GLAZE endured severe and extremely painful personal injuries as a proximate result of the collision with HOLLOWAY.

## CLAIMS
## COUNTS I AND II:  NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT HOLLOWAY

33.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

34.

At all times material hereto, Defendant HOLLOWAY was a professional driver.

35.

At all times material hereto, Defendant HOLLOWAY had a commercial driver's license.

36.

At all times material hereto, Defendant HOLLOWAY was driving a commercial motor vehicle as defined under Georgia law.

37.

At all times material hereto, Defendant HOLLOWAY was driving a commercial motor vehicle in interstate commerce.

38.

At all times material to this action, Defendant HOLLOWAY had a legal duty to adhere to Georgia traffic laws.

39.

At all times material to this action, Defendant HOLLOWAY had a legal duty to adhere to Georgia trucking safety regulations.

40.

At all times material to this action, Defendant HOLLOWAY had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

41.

At all times material to this action, Defendant HOLLOWAY had a legal duty to adhere to trucking industry standards.

42.

At all times material to this action, Defendant HOLLOWAY had a duty to operate his commercial vehicle in a safe and prudent manner.

43.

At all times material to this action, Defendant HOLLOWAY had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of KENDRIC GLAZE and the motoring public.  This duty included maintaining his lane, not leaving the scene of an accident, and all traffic laws and regulations.

44.

Defendant HOLLOWAY in the operation of the tractor-trailer did the following among other things:

(a) Failed to maintain his lane;

(b) Left the scene of an accident;

(c) Caused contact to occur between his tractor-trailer and the vehicle occupied by KENDRIC GLAZE;

(d) Failed to drive defensively;

(e) Failed to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and KENDRIC GLAZE in particular, in grave danger;

(f) Failed to adhere to safe driving principles expected of professional drivers;

(g) Failed to operate the tractor-trailer in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

(h) Failed to operate the tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

(i) Directed racially abusive language at KENDRIC GLAZE; and

(j) Otherwise failed to act reasonably and prudently as a professional driver should under the circumstances.

45.

Defendant HOLLOWAY breached his duties and was negligent in at least one or more of the respects described in paragraph 44 above.

46.

8

Additionally, Defendant HOLLOWAY's conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-48 (failing to maintain his lane); O.C.G.A. § 40-6-274 (leaving the scene); O.C.G.A. §§ "28-4" and/or 16-11-139 (disorderly conduct).  Each such violation constitutes negligence *per se*.


47.

HOLLOWAY was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

48.

As a direct and proximate result of Defendant CAROLL FULMER'S negligence, KENDRIC GLAZE suffered severe personal injuries.

49.

As a direct and proximate result of Defendant CAROLL FULMER'S negligence, KENDRIC GLAZE incurred pain and suffering, medical expenses, and lost wages.

50.

Defendant HOLLOWAY is liable to Plaintiff for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiff as a direct and proximate result of his negligence.

**COUNT III:  *RESPONDEAT SUPERIOR* AGAINST DEFENDANT CAROLL FULMER**

9

51.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

52.

At all times material hereto, Defendant HOLLOWAY was an employee of Defendant CAROLL FULMER.

53.

At all times material hereto, Defendant HOLLOWAY was an agent of Defendant CAROLL FULMER.

54.

At all times material hereto, Defendant HOLLOWAY was acting within the course and scope of his employment with Defendant CAROLL FULMER.

55.

At all times material hereto, Defendant HOLLOWAY was acting within the course and scope of his agency with Defendant CAROLL FULMER.

56.

At all times material hereto, Defendant HOLLOWAY was operating a commercial vehicle owned or exclusively controlled by Defendant CAROLL FULMER.

57.

At all times material hereto, Defendant HOLLOWAY was operating a commercial vehicle with the permission of Defendant CAROLL FULMER.

58.

At all times material hereto, Defendant HOLLOWAY was operating a commercial vehicle in furtherance of the business and financial interests of Defendant CAROLL FULMER.

59.

Defendant CAROLL FULMER is liable for the negligent actions and omissions of Defendant HOLLOWAY pursuant to the doctrine of *respondeat superior* and the rules of agency.

60.

Defendant CAROLL FULMER is liable to KENDRIC GLAZE for all damages he sustained as a direct and proximate result of the negligence of Defendant HOLLOWAY.

61.

As a direct and proximate result of the negligence of Defendant HOLLOWAY, for which Defendant CAROLL FULMER is liable, Plaintiff GLAZE suffered serious permanent personal injuries.

62.

Defendant CAROLL FULMER is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## **COUNT IV:  NEGLIGENCE OF DEFENDANT CAROLL FULMER**

63.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

64.

At all relevant times, Defendant CAROLL FULMER was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

65.

At all relevant times, Defendant CAROLL FULMER was a motor carrier as defined by Georgia law.

66.

At all relevant times, Defendant CAROLL FULMER had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

67.

At all relevant times, Defendant CAROLL FULMER had a legal duty to comply with Georgia's trucking safety regulations.

68.

At all relevant times, Defendant CAROLL FULMER had a legal duty to comply with all trucking industry standards and practices.

69.

As an employer and motor carrier, Defendant CAROLL FULMER had a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising and retaining of Defendant HOLLOWAY.

70.

Defendant CAROLL FULMER breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant HOLLOWAY.

71.

As a direct and proximate result of Defendant CAROLL FULMER'S negligence, KENDRIC GLAZE suffered severe personal injuries.

72.

As a direct and proximate result of Defendant CAROLL FULMER'S negligence, KENDRIC GLAZE incurred pain and suffering, medical expenses and lost wages.

73.

Defendant CAROLL FULMER is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT V: DIRECT ACTION AGAINST PROTECTIVE INSURANCE COMPANY

74.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

75.

Defendant PROTECTIVE provided liability coverage for the tractor-trailer involved in the collision and CAROLL FULMER' employees and/or agents, including Defendant HOLLOWAY.

76.

Defendant PROTECTIVE was transacting business in the State of Georgia and in Gwinnett County on the date of the subject collision, and at all material times hereto.

77.

Defendant PROTECTIVE agreed to provide insurance coverage to Defendants HOLLOWAY and/or CAROLL FULMER in consideration for the payment of insurance premiums.

78.

KENDRIC GLAZE as a member of the public injured due to a motor carrier's negligence is a third party beneficiary to the agreement between Defendant PROTECTIVE and Defendants CAROLL FULMER and HOLLOWAY.

79.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Defendant PROTECTIVE is subject to this Direct Action.

80.

Plaintiff is entitled to receive payments from PROTECTIVE for the tort liability of Defendants CAROLL FULMER and HOLLOWAY.

**DAMAGES**

81.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

82.

14

As a proximate result of the negligence of Defendants HOLLOWAY and/or CAROLL FULMER, Plaintiff GLAZE suffered severe physical injuries.

83.

As a proximate result of the negligence of Defendants HOLLOWAY and/or CAROLL FULMER, Plaintiff GLAZE has endured and will continue to endure pain and suffering, including but not limited to, actual physical pain and suffering, mental anguish, interference with his normal living, interference with his enjoyment of life, loss of his capacity to labor and earn money, disability, impairment of his body's health and vigor, fear of the extent of his injuries, and limitations on his activities.

84.

As a proximate result of the negligence of Defendants HOLLOWAY and/or CAROLL FULMER, Plaintiff GLAZE has incurred past medical expenses and will continue to incur medical expenses related to this collision.

85.

As a proximate result of the negligence of Defendants HOLLOWAY and/or CAROLL FULMER, Plaintiff GLAZE incurred lost wages and will continue to incur lost wages in the future.

86.

Defendants are liable to Plaintiff for all injuries and damages allowed by law including all past and future damages set forth above.


**COUNT VI:  ATTORNEYS' FEES & COSTS PURSUANT TO O.C.G.A. § 13-6-11**

15

87.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

88.

There is no bona fide dispute as to Defendant HOLLOWAY's and Defendant CAROLL FULMER's negligence (duty and breach) and in the event Defendants deny negligence (duty and breach) or otherwise act stubbornly litigious or cause Plaintiff unnecessary trouble and expense, Plaintiff provides notice that he will seek his expenses of litigation including his reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## COUNT VII:  PUNITIVE DAMAGES

89.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

90.

The actions of Defendants HOLLOWAY and CAROLL FULMER were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

91.

Accordingly, Defendants HOLLOWAY and CAROLL FULMER are liable to Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

## COUNT VII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

92.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

93.

Defendant HOLLOWAY's conduct, as set forth above, resulted in physical impact and harm to Plaintiff, and has caused him physical and emotional distress. Accordingly, Defendant HOLLOWAY is liable for negligent infliction of emotional distress.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

**WHEREFORE**, Plaintiff KENDRIC GLAZE prays that the following relief be granted:

(a)   A trial by a jury;

(b)   For Summons and Complaint to be issued against Defendants;

(c)   For judgment to be entered in favor of Plaintiff and against Defendants;

(d)   For Plaintiff to be awarded his special damages including past and   future medical expenses and lost wages in an amount to be shown by the evidence at trial;

(e)   For Plaintiff to be awarded his general damages in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(f)   For all costs and prejudgment interest to be cast against Defendants;

(g)   For Plaintiff to recover damages in an amount to be determined by the enlightened conscience of an impartial jury at trial; and

(h)   For all such further and general relief this Court deems equitable and just.

17

This 4th day of June, 2020.

HOFFER & WEBB, LLC

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Main
404-260-6191 Direct / Fax
mhoffer@hofferwebb.com

MICHAEL D. HOFFER
Georgia Bar No. 359493
*Counsel for Plaintiff*

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-03326-S1**
**7/2/2020 1:33 PM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KENDRIC SHIWAN GLAZE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 20-C-03326-S1 |
| v. | ) | |
| | ) | |
| CARROLL FULMER LOGISTICS | ) | |
| CORPORATION, WILLIAM | ) | |
| RUSSELL HOLLOWAY, and | ) | |
| PROTECTIVE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CARROLL FULMER LOGISTICS CORPORATION'S**
**ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW defendant Carroll Fulmer Logistics Corporation ("Carroll Fulmer"), by way of special appearance, without waiving but specifically reserving all jurisdictional and other available defenses, and answers plaintiff's complaint for damages as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against Carroll Fulmer upon which relief can be granted.

<u>SECOND DEFENSE</u>

Responding to the specifically numbered paragraphs of plaintiff's complaint,

Carroll Fulmer answers as follows:

1.

Responding to the allegations in this paragraph of the complaint, Carroll

Fulmer admits plaintiff seeks damages for personal injuries allegedly arising from a

motor vehicle collision on May 10, 2019 at the stated location.  Except as expressly

admitted, Carroll Fulmer is without sufficient information or knowledge to form a

belief as to the truth of the allegations in this paragraph of the complaint.

## **<u>PARTIES, JURISDICTION, AND VENUE</u>**

2.

Carroll Fulmer is without sufficient information or knowledge to form a belief

as to the truth of the allegations in this paragraph of the complaint.

3.

Responding to the allegations in this paragraph of the complaint, Carroll

Fulmer admits it is a Nevada corporation with its principal place of business in

Florida; its registered agent in Florida is Philip Fulmer, 8340 American Way,

Groveland, Florida 34736; and it may be served according to law.  Except as

expressly admitted, Carroll Fulmer denies the allegations in this paragraph of the complaint.

4.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits it is a motor carrier engaged in the business of transporting goods. Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

5.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits it is registered as a motor carrier with the United States Department of Transportation and Federal Motor Carrier Safety Administration and is authorized to transport goods in interstate commerce.  Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits it is authorized to operate in the State of Georgia.  Except as expressly

admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

10.

Carroll Fulmer admits the allegations in this paragraph of the complaint.

11.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer denies it is subject to the jurisdiction of this Court and venue is proper as to it.  Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## **FACTS**

12.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

13.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

16.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

17.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

18.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

19.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

20.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

21.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

22.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

23.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

24.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

25.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

26.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

27.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

28.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

29.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

30.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

31.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

32.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

## CLAIMS
## COUNTS I AND II: NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT HOLLOWAY

33.

Carroll Fulmer incorporates its responses to paragraphs 1 through 32 as if set forth fully herein.

34.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

35.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

36.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

37.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

38.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits defendant Holloway was required to comply with applicable law. Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

39.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits defendant Holloway was required to comply with applicable law. Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

40.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits defendant Holloway was required to comply with applicable law. Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

41.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits defendant Holloway was required to comply with applicable law. Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

42.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits defendant Holloway was required to comply with applicable law. Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

43.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits defendant Holloway was required to comply with applicable law. Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

44.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint, including those set forth in subparagraphs (a) through (j).

45.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

46.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

47.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

48.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

49.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

50.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

## COUNT III: *RESPONDEAT SUPERIOR* AGAINST DEFENDANT CARROLL FULMER

51.

Carroll Fulmer incorporates its responses to paragraphs 1 through 50 as if set forth fully herein.

52.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

53.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

54.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

55.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

56.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

57.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

58.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

59.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits the *respondeat superior* doctrine applies to any acts of negligence committed by defendant Holloway while acting in the course and scope of his employment with Carroll Fulmer.  Except as expressly admitted, Carroll Fulmer denies the allegations in this paragraph of the complaint.

-13-

60.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits the *respondeat superior* doctrine applies to any acts of negligence committed by defendant Holloway while acting in the course and scope of his employment with Carroll Fulmer.  Except as expressly admitted, Carroll Fulmer denies the allegations in this paragraph of the complaint.

61.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

62.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

## COUNT IV: NEGLIGENCE OF DEFENDANT CAROLL [SIC] FULMER

63.

Carroll Fulmer incorporates its responses to paragraphs 1 through 62 as if set forth fully herein.

64.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits it is a motor carrier.  Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

-14-

65.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits it is a motor carrier.  Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

66.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits it was required to comply with applicable law.  Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

67.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits it was required to comply with applicable law.  Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

68.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits it was required to comply with applicable law.  Except as expressly

admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

69.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits it was required to comply with applicable law.  Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

70.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

71.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

72.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

73.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

## COUNT V: DIRECT ACTION AGAINST
## PROTECTIVE INSURANCE COMPANY

74.

Carroll Fulmer incorporates its responses to paragraphs 1 through 73 as if set forth fully herein.

-16-

75.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits defendant Protective Insurance Company issued a policy of insurance that was in effect on the date in question and provides excess coverage only, subject to a self-insured retention and the terms and conditions of the policy. Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

76.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

77.

Responding to the allegations in this paragraph of the complaint, Carroll Fulmer admits defendant Protective Insurance Company issued a policy of insurance that was in effect on the date in question and provides excess coverage only, subject to a self-insured retention and the terms and conditions of the policy. Except as expressly admitted, Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

78.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

-17-

79.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

80.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

## **DAMAGES**

81.

Carroll Fulmer incorporates its responses to paragraphs 1 through 80 as if set forth fully herein.

82.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

83.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

84.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

85.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

86.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

## COUNT VI: ATTORNEYS' FEES & COSTS PURSUANT TO O.C.G.A. § 13-6-11

87.

Carroll Fulmer incorporates its responses to paragraphs 1 through 86 as if set forth fully herein.

88.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

## COUNT VII: PUNITIVE DAMAGES

89.

Carroll Fulmer incorporates its responses to paragraphs 1 through 88 as if set forth fully herein.

90.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

91.

Carroll Fulmer denies the allegations in this paragraph of the complaint.

## COUNT VII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

92.

Carroll Fulmer incorporates its responses to paragraphs 1 through 91 as if set forth fully herein.

-19-

93.

Carroll Fulmer is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94.

Carroll Fulmer incorporates its responses to paragraphs 1 through 93 as if set forth fully herein.

Responding to the allegations in the unnumbered paragraph following paragraph 94 of the complaint, which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including those set forth in subparagraphs (a) through (h), Carroll Fulmer denies plaintiff is entitled to any relief from it under any theory, at law or in equity.

95.

Except as expressly admitted or otherwise responded to, Carroll Fulmer denies all allegations in the complaint.

## THIRD DEFENSE

There has been an insufficiency of process as to Carroll Fulmer; therefore, this Court lacks personal jurisdiction over it.

## FOURTH DEFENSE

There has been an insufficiency of service of process as to Carroll Fulmer; therefore, this Court lacks personal jurisdiction over it.

## FIFTH DEFENSE

Venue is improper as to Carroll Fulmer; therefore, this Court lacks personal jurisdiction over it.

## SIXTH DEFENSE

Neither Carroll Fulmer nor any of its agents or employees breached any duty owed to plaintiff.

## SEVENTH DEFENSE

No act or omission of Carroll Fulmer, its agents, or employees proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against Carroll Fulmer.

## EIGHTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by Carroll Fulmer or its employees or agents caused or contributed to the incidents described in the complaint.

## NINTH DEFENSE

The imposition of punitive damages against Carroll Fulmer would violate its rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## TENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to Carroll Fulmer in this action, to the United States and Georgia Constitutions, and the imposition of punitive damages against Carroll Fulmer in this action is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## ELEVENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Carroll Fulmer asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, failure of

plaintiffs to avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

<u>TWELFTH DEFENSE</u>

Carroll Fulmer reserves the right to plead additional defenses as become known to it through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Carroll Fulmer prays as follows:

(a)     That judgment be entered in favor of Carroll Fulmer and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

[*Signature on following page*]

-23-

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995
Attorneys for Defendant
Carroll Fulmer Logistics Corporation

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**CARROLL FULMER DEMANDS A TRIAL BY JURY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2020, I filed the foregoing *DEFENDANT CARROLL FULMER LOGISTICS CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT* with the Clerk of Court using the Odyssey e-filing system, which will automatically send e-mail notification of such filing to counsel of record who are Odyssey participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-Odyssey participants.  Counsel of record is:

Michael D. Hoffer, Esq.
Hoffer & Webb, LLC
3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341

*/s/ Dustin S. Sharpes*
Dustin S. Sharpes
Georgia Bar No. 522995

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-03326-S1**
**7/2/2020 1:33 PM**

~~*[signature]*~~
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KENDRIC SHIWAN GLAZE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 20-C-03326-S1 |
| v. | ) | |
| | ) | |
| CARROLL FULMER LOGISTICS | ) | |
| CORPORATION, WILLIAM | ) | |
| RUSSELL HOLLOWAY, and | ) | |
| PROTECTIVE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT PROTECTIVE INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW defendant Protective Insurance Company ("Protective"), by way of special appearance, without waiving but specifically reserving all jurisdictional and other available defenses, and answers plaintiff's complaint for damages as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against Protective upon which relief can be granted.

<u>SECOND DEFENSE</u>

Responding to the specifically numbered paragraphs of plaintiff's complaint, Protective answers as follows:

1.

Responding to the allegations in this paragraph of the complaint, Protective admits plaintiff seeks damages for personal injuries allegedly arising from a motor vehicle collision on May 10, 2019 at the stated location.   Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

**<u>PARTIES, JURISDICTION, AND VENUE</u>**

2.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

3.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

4.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

5.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

Responding to the allegations in this paragraph of the complaint, Protective admits it is an Indiana corporation; its registered agent is Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092; and it may be served according to law.  Except as expressly admitted, Protective denies the allegations in this paragraph of the complaint.

9.

Protective admits the allegations in this paragraph of the complaint.

10.

Protective admits the allegations in this paragraph of the complaint.

11.

Responding to the allegations in this paragraph of the complaint, Protective admits venue is proper as to it insofar as the action is presently framed but denies it is a proper party or is subject to the jurisdiction of this Court.  Except as expressly admitted or denied, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## FACTS

12.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

13.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

16.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

17.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

18.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

19.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

20.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

21.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

22.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

23.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

24.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

25.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

26.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

27.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

28.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

29.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

30.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

31.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

32.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## CLAIMS
## COUNTS I AND II: NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT HOLLOWAY

33.

Protective incorporates its responses to paragraphs 1 through 32 as if set forth fully herein.

34.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

35.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

36.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

37.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

38.

Responding to the allegations in this paragraph of the complaint, Protective admits defendant Holloway was required to comply with applicable law.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

39.

Responding to the allegations in this paragraph of the complaint, Protective admits defendant Holloway was required to comply with applicable law.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

40.

Responding to the allegations in this paragraph of the complaint, Protective admits defendant Holloway was required to comply with applicable law.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

41.

Responding to the allegations in this paragraph of the complaint, Protective admits defendant Holloway was required to comply with applicable law.  Except as

expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

42.

Responding to the allegations in this paragraph of the complaint, Protective admits defendant Holloway was required to comply with applicable law.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

43.

Responding to the allegations in this paragraph of the complaint, Protective admits defendant Holloway was required to comply with applicable law.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

44.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint, including those set forth in subparagraphs (a) through (j).

45.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

46.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

47.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

48.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

49.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

50.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT III: *RESPONDEAT SUPERIOR* AGAINST <u>DEFENDANT CARROLL FULMER</u>

51.

Protective incorporates its responses to paragraphs 1 through 50 as if set forth fully herein.

-11-

52.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

53.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

54.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

55.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

56.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

57.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

58.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

59.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

60.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

61.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

62.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT IV: NEGLIGENCE OF DEFENDANT CAROLL [SIC] FULMER

63.

Protective incorporates its responses to paragraphs 1 through 62 as if set forth fully herein.

-13-

64.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

65.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

66.

Responding to the allegations in this paragraph of the complaint, Protective admits Carroll Fulmer was required to comply with applicable law.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

67.

Responding to the allegations in this paragraph of the complaint, Protective admits Carroll Fulmer was required to comply with applicable law.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

68.

Responding to the allegations in this paragraph of the complaint, Protective admits Carroll Fulmer was required to comply with applicable law.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

69.

Responding to the allegations in this paragraph of the complaint, Protective admits Carroll Fulmer was required to comply with applicable law.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

70.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

71.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

72.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

73.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT V: DIRECT ACTION AGAINST PROTECTIVE INSURANCE COMPANY

74.

Protective incorporates its responses to paragraphs 1 through 73 as if set forth fully herein.

75.

Responding to the allegations in this paragraph of the complaint, Protective admits it issued a policy of insurance to Carroll Fulmer that was in effect on the date in question and provides excess coverage only, subject to a self-insured retention and the terms and conditions of the policy.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

76.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

77.

Responding to the allegations in this paragraph of the complaint, Protective admits it issued a policy of insurance to Carroll Fulmer that was in effect on the date in question and provides excess coverage only, subject to a self-insured retention and the terms and conditions of the policy.  Except as expressly admitted, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

78.

Protective denies the allegations in this paragraph of the complaint.

79.

Protective denies the allegations in this paragraph of the complaint.

80.

Protective denies the allegations in this paragraph of the complaint.

## **DAMAGES**

81.

Protective incorporates its responses to paragraphs 1 through 80 as if set forth fully herein.

82.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

83.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

84.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

85.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

86.

Protective denies the allegations in this paragraph of the complaint insofar as they are directed to it; otherwise, Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT VI: ATTORNEYS' FEES & COSTS PURSUANT TO O.C.G.A. § 13-6-11

### 87.

Protective incorporates its responses to paragraphs 1 through 86 as if set forth fully herein.

### 88.

Protective denies the allegations in this paragraph of the complaint.

## COUNT VII: PUNITIVE DAMAGES

### 89.

Protective incorporates its responses to paragraphs 1 through 88 as if set forth fully herein.

### 90.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 91.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT VII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

92.

Protective incorporates its responses to paragraphs 1 through 91 as if set forth fully herein.

93.

Protective is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94.

Protective incorporates its responses to paragraphs 1 through 93 as if set forth fully herein.

Responding to the allegations in the unnumbered paragraph following paragraph 94 of the complaint, which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including those set forth in subparagraphs (a) through (h), Protective denies plaintiff is entitled to any relief from it under any theory, at law or in equity.

95.

Except as expressly admitted or otherwise responded to, Protective denies all allegations in the complaint.

## THIRD DEFENSE

There has been an insufficiency of process as to Protective; therefore, this Court lacks personal jurisdiction over it.

## FOURTH DEFENSE

There has been an insufficiency of service of process as to Protective; therefore, this Court lacks personal jurisdiction over it.

## FIFTH DEFENSE

Neither Protective nor any of its agents or employees breached any duty owed to plaintiff.

## SIXTH DEFENSE

No act or omission of Protective or its agents or employees proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against Protective.

## SEVENTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by Protective or its employees or agents caused or contributed to the incidents described in the complaint.

-21-

## EIGHTH DEFENSE

The imposition of punitive damages against Protective would violate its rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## NINTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to Protective in this action, to the United States and Georgia Constitutions, and the imposition of punitive damages against Protective in this action is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## TENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Protective asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, failure of plaintiffs to

avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

<u>ELEVENTH DEFENSE</u>

Protective reserves the right to plead additional defenses as become known to it through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Protective prays as follows:

(a)     That judgment be entered in favor of Protective and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995
Attorneys for Defendants
Carroll Fulmer Logistics Corporation and Protective Insurance Company

-23-

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**PROTECTIVE DEMANDS A TRIAL BY JURY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2020, I filed the foregoing *DEFENDANT PROTECTIVE INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT* with the Clerk of Court using the Odyssey e-filing system, which will automatically send e-mail notification of such filing to counsel of record who are Odyssey participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non- Odyssey participants.  Counsel of record is:

Michael D. Hoffer, Esq.
Hoffer & Webb, LLC
3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341

*/s/ Dustin S. Sharpes*
Dustin S. Sharpes
Georgia Bar No. 522995

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

-25-
